**Sarah C. Hubbard, Appellee, v. Charles A. Hubbard et al., Appellants.**

SUBROGATION—*who entitled to.* A surety upon payment of the debt becomes entitled to be subrogated to all the securities held by the creditor.

Bill in chancery. Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

F. L. DRAPER, for appellants.

Dwyer & Dwyer, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This is an appeal by the defendants from a decree granting to the complainant the relief prayed by a bill and supplemental bill in chancery. The bill, to which Charles A. Hubbard and W. T. Hubbard and their respective wives are made parties defendant, alleges in substance the following facts:

On November 4, 1902, the defendant, W. T. Hubbard, executed and delivered to Lulu Robertson his seven promissory notes, aggregating the sum of $1,457.57, secured by a mortgage executed by himself and wife, upon certain real estate that day conveyed by said Lulu Robertson to the said Hubbard, which real estate was subject, however, to the life estate of the complainant. Thereafter said Lulu Robertson returned said notes to said W. T. Hubbard, and about November 20, 1902, the complainant signed the same as security and they were again delivered to Lulu Robertson. Four of said notes were afterward paid by the maker, and the remaining notes, due five, six and seven years after date, respectively, were assigned before maturity to one Richard C. Gregg. On November 20, 1907, Gregg recovered judgment upon the note due five years after date, against W. T. Hubbard and the complainant, which judgment, on December 31, 1907, Gregg assigned to defendant, C. A. Hubbard, who on February 4, 1908, caused an execution to be issued upon said judgment and levied upon the life estate of the complainant in and to certain lands of which she was in possession, and which were afterward sold under said execution to the defendant C. A. Hubbard, to whom a certificate of purchase was issued.

On December 31, 1907, said C. A. Hubbard purchased the notes due six and seven years after date. At the maturity of the notes five and six years after

date, the maker, W. T. Hubbard, was wholly insolvent and unable to pay the same or said judgment and on March 17, 1909, the complainant was compelled to pay the sum of $329.85 to redeem her lands from the sale under said judgment upon the note due in five years. On the same day the complainant paid to C. A. Hubbard the amount due on the note due six years after date.

The bill further alleges that at the time of said last mentioned payment, the said C. A. Hubbard was the owner of the judgments and notes and mortgages securing the same, and that by reason of the insolvency of W. T. Hubbard, the complainant would be compelled to pay the note due seven years after date, that she was therefore entitled to be subrogated to the security, including the mortgage lien, held by the said C. A. Hubbard, and prays that an account be taken and that the defendants, or one of them, be decreed to pay whatever sum should appear to be due the complainant; and that she be subrogated to the rights and benefits of the said mortgage liens; that upon default of the payments, the mortgaged premises be sold, and for general relief.

Defendants, W. T. Hubbard and his wife, were defaulted. C. A. Hubbard and his wife answered denying that they had any knowledge of the insolvency of W. T. Hubbard, and averring that subsequent to the transfer of said notes and mortgage to Gregg, C. A. Hubbard had bought of W. T. Hubbard, the mortgaged premises, subject only to the life estate of the complainant, but not subject to said mortgage, and further denying that C. A. Hubbard assumed the mortgage indebtedness or that he had knowledge of the existence of the notes or mortgage, or that he purchased the same from Gregg to protect his title. The supplemental bill avers that complainant had subsequent to the filing of the original bill, paid the seven year note which had matured on November 4, 1909.

The decree finds that the complainant was entitled

to be subrogated to the rights of the original mortgagee or of any subsequent assignee of said mortgage or notes, and that W. T. Hubbard was at all times wholly insolvent and unable to pay said notes, and orders that said W. T. Hubbard pay to the complainant, within twenty days, the sum of $800.70, and that upon default of such payment the complainant be subrogated to all the rights of the said C. A. Hubbard in said mortgage deed, and that the premises be sold, etc.

The chancellor was warranted under the evidence in finding that W. T. Hubbard was insolvent as alleged in the bill, which was the only controverted issue of fact under the pleadings. The complainant therefore had no remedy at law. It further appears that prior to the rendition of the decree herein, the complainant had paid all the notes in question, and that C. A. Hubbard did not, as claimed in argument, pay the notes in question to protect his title to the real estate, but that he purchased the same from Gregg. The equitable doctrine that a surety, upon payment of the debt, becomes entitled to be subrogated to all the securities held by the creditor, is universally recognized. Under such rule there can be no doubt that if Gregg had retained title to the notes, or they had been assigned to a stranger to the fee of the mortgaged property, the complainant would have been entitled to the relief asked, and we are unable, after carefully considering the arguments of counsel, under the authorities cited, to perceive how or why the fact that C. A. Hubbard acquired the fee to the mortgaged premises, vested him with any greater rights or remedies at law or in equity, than he would otherwise have had.

Under the facts disclosed by the record no different decree than that rendered would have been proper, and the same is accordingly affirmed.

*Affirmed.*